IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES ADKINS,**

    **Petitioner,**

**v.**

                                                      **Criminal Action No. 1:13cr17-1**
                                                    **Civil Action No. 1:16cv209**
                                                      **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On November 2, 2016, the *pro se* Petitioner, a former federal inmate now serving a three-year term of supervised release while residing in Clarksburg, West Virginia, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 382. The motion was not on a court-approved form. That same day, the Clerk of the Court sent the Petitioner a Notice of Deficient Pleading, advising him that he had twenty-one (21) days to correct his Motion by filing it on the correct form in accordance with Local Rule of Prisoner Litigation Procedure ("LR PL P") 3.4. ECF No. 384. On November 16, 2016, Petitioner filed a document titled Motion of Notice. ECF No. 388. Petitioner filed his court-approved form motion to vacate on November 21, 2016. ECF No. 389. On December 5, 2016, Petitioner filed a motion for court-appointed counsel and a motion for oral argument. ECF Nos. 392 & 393. By separate Orders entered December 6, 2016, both motions were denied. ECF Nos. 394 & 395.

The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion [ECF No. 382 and 389] under 28 U.S.C. §2255.

### II. Facts

**A. Conviction and Sentence**

The Petitioner was charged as one of two defendants in a ten-count fourth superseding indictment with a forfeiture allegation on August 6, 2013. ECF No. 125. On August 8, 2014, pursuant to a written plea agreement, Petitioner entered a plea of guilty to Count One, charging him with failure to update his sex offender registration, in violation of 18 U.S.C. § 2250(a), and to Count Two, conspiring to knowingly and corruptly attempt to obstruct, influence, and impede any official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 1512(k). The Petitioner's plea agreement contained a waiver of the right to appeal his sentence or to appeal any other issue in his case on any ground whatsoever. ECF No. 265 at 5 – 6. Petitioner was sentenced on the same day he entered his plea, to a term of 51 months imprisonment on both counts, to run concurrent with each other, to be followed by three years supervised release. ECF No. 267.

**B. Direct Appeal**

Petitioner timely appealed. On appeal, Petitioner argued that his attorney had lied to him when he told Petitioner that "the plea agreement was the only viable solution to . . . [my] case." ECF No. 301 at 1. The Government moved to dismiss the appeal as barred by Adkins' waiver of the right to appeal in the plea agreement. By Order entered June 30, 2015, a three judge panel of the Fourth Circuit Court of Appeals dismissed the appeal finding that the appeal fell squarely within the compass of Petitioner's waiver of appellate rights. ECF No. 317. Adkins' petition for writ of *certiorari* with the United States Supreme Court was denied on October 5, 2015.

**C. Federal Habeas Corpus**

On November 2, 2016, Petitioner filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 382. In his later-filed court approved form motion, Petitioner asserted four grounds for relief, which because they were repetitive, were reordered and condensed for clarity into two grounds. Petitioner did not file a memorandum in support. In his motion, he argues that:

> 1) he has legal documents to support his claim and prove his innocence [ECF No. 389 at 5];
>
> 2) defense counsel Tom Dyer and appellate counsel Ryan Kennedy were ineffective, misled and misguided him, failed to properly represent him and violated his civil rights [id. at 6 & 10], when
>
>> a) defense counsel Tom Dyer refused to provide him with full discovery and would not present Petitioner's legal documents that would have proved his innocence; and
>>
>> b) appellate counsel Ryan Kennedy wanted to argue with him; would not use Petitioner's legal documents that would have proved his innocence [id. at 8]; and would not file Petitioner's claims of ineffective assistance of counsel. Id. at 7.

On the question on the court-approved form Motion to Vacate, regarding the timeliness of his motion, Petitioner stated "my timeframe has not expired yet." Id. at 13.

As relief, Petitioner asks the court to "Vacate Indictment Count #1." Id.

## D. Recommendation

Based upon review of the record, the undersigned recommends that the Petitioner's Motion be denied and dismissed from the docket because it is untimely.

## III. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. This one year period runs from the latest of the following:

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

In general, to satisfy the statute of limitations, Petitioner must have filed his motion within one year from "the date on which [his] judgment of conviction bec[ame] final." 28 U.S.C. §2255(f)(1). The Fourth Circuit has determined that a federal prisoner's conviction becomes final on the date upon which he fails to pursue further direct appellate review. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Petitioner's appeal was dismissed by the Fourth Circuit on June 30, 2015. However, because Petitioner pursued a writ of *certiorari,* his conviction did not become "final" pursuant to §2255(f)(1) until *certiorari* was denied, on October 5, 2015. See Supreme Ct. Rule 13.3; Clay v. United States, 537 U.S. 522, 527 (2003). Accordingly, petitioner had until October 5, 2016 to timely file his §2255 motion, but his motion was not filed until November 2, 2016. Because petitioner did not file his motion until almost one month after the one-year statute of limitations had already run, the undersigned finds that the motion is untimely under subsection (1).

` "When a federal habeas court, prior to trial, perceives a *pro se* § 2255 petition to be untimely and the Government has not filed a motion to dismiss based on the one- year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation that it is timely based on equitable tolling principles or any of the circumstances enumerated in § 2255(f)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); *U.S. v. Sosa*, 364 F.3d 507 (4th Cir. 2004).

Accordingly, Petitioner is hereby notified that his section 2255 action will be dismissed as untimely, unless he can demonstrate, within the objection period described below, that his petition can be salvaged by § 2255(f)(3) or the principle of equitable tolling.

## V. Recommendation

Based upon review of the record, the undersigned recommends that the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 382 & 389] be **DENIED** and **DISMISSED** because the Petitioner's motion is untimely.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); *cert denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: December 7, 2016

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE